[Cite as *State v. Risenburg*, 2014-Ohio-4347.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                            Court of Appeals No. S-14-011

      Appellee                                       Trial Court No. 13 CR 48

v.

Jason E. Risenburg                              **DECISION AND JUDGMENT**

      Appellant                                      Decided:  September 30, 2014

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This appeal is before the court following the March 11, 2014 judgment of the Sandusky County Court of Common Pleas which, following a guilty plea to involuntary manslaughter, sentenced defendant-appellant, Jason E. Risenburg, to 11 years in prison.  Because we find that the sentence was supported by the record and not contrary to law, we affirm.

**{¶ 2}** On January 18, 2013, appellant was indicted on one count of murder, R.C. 2903.02(A), one count of involuntary manslaughter, R.C. 2903.04(A), and one count of corrupting another with drugs, R.C. 2925.02(A)(3)(C)(1). The charges stemmed from the April 2, 2012 drug overdose death of appellant's wife, Beth Risenburg. Appellant admitted to giving her a lethal dose of methadone which was prescribed to him for back pain.

**{¶ 3}** On January 27, 2014, appellant withdrew his not guilty pleas and entered a plea of guilty to one count of involuntary manslaughter. The remaining two counts were dismissed. A presentence investigation report was prepared and, on March 11, 2014, appellant was sentenced to the maximum of 11 years of imprisonment. This appeal followed.

**{¶ 4}** Appellant raises the following assignment of error:

The trial court's sentence is an abuse of discretion insofar as the trial court misapplied R.C. § 2929.11.

**{¶ 5}** In his sole assignment of error, appellant argues that the trial court, in imposing a maximum sentence, failed to fully consider R.C. 2929.11. In particular, appellant contends that the court failed to state that it was required to impose the minimum sanction necessary in order to protect the public and punish the offender.

**{¶ 6}** Our review of felony sentencing cases is governed by R.C. 2953.08(G)(2) which provides:

2.

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 7} Appellant entered a guilty plea to one count of voluntary manslaughter, a first degree felony with a sentencing range of three to eleven years. R.C. 2929.14(A)(1). Thus, as appellant concedes, the sentence was within the statutory range for the degree of the offense. Appellant contends, however, that the court failed to elucidate that a maximum prison term of 11 years was necessary to accomplish the principles and purposes of felony sentencing.

3.

**{¶ 8}** R.C. 2929.11 provides, in part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶ 9}** In the present case, the trial court noted that it had reviewed the thorough presentence investigation report and found that in sentencing appellant, the court's "job is to attempt to protect the public from future crime and impose an appropriate punishment for the offense committed." The court further noted that it had reviewed the seriousness

and recidivism factors under R.C. 2929.12. This court has held that a sentencing court is not required to "give a detailed explanation" of how it applied each factor. *State v. Redfern*, 6th Dist. Ottawa No. OT-12-014, 2013-Ohio-2480, ¶ 7.

{¶ 10} Thus, based on our review of the record and the court's compliance with R.C. 2929.11 and 2929.12, we find that appellant's sentence is supported by the record and it is not contrary to law. Appellant's assignment of error is not well-taken.

{¶ 11} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE
Thomas J. Osowik, J.　　　　　　　

James D. Jensen, J.　　　　　　　　　　_____
CONCUR.　　　　　　　　　　　　　　　　　　　　JUDGE

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.